09-3424-cv
Munderville, et al. v. Highland Falls-Fort Montgomery Cent. Sch. Dist., et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

<small>RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.</small>

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of March, two thousand ten.

PRESENT: DENNIS JACOBS,
                <u>Chief Judge</u>,
        GERARD E. LYNCH,
                <u>Circuit Judge</u>,
        JANE A. RESTANI,[*]
                <u>Judge</u>.

- - - - - - - - - - - - - - - - - - - -X
TABITHA MUNDERVILLE and DIANE ZIMMERMANN,

      <u>Plaintiffs-Appellants</u>,

      -v.-                       09-3424-cv

HIGHLAND FALLS-FORT MONTGOMERY CENTRAL SCHOOL DISTRICT, PHILLIP ARBOLINO, sued in his individual capacity, and KEITH ABBEY, sued in his individual capacity,

      <u>Defendants-Appellees</u>.[**]

- - - - - - - - - - - - - - - - - - - -X

---

[*] The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

[**] The Clerk of Court is directed to amend the caption as set forth above.

**APPEARING FOR APPELLANTS:** Christopher D. Watkins, Sussman & Watkins, Goshen, NY.

**APPEARING FOR APPELLEES:** Daniel G. Ecker (Roseann Schuyler, on the brief), Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Seibel, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiffs-appellants Tabitha Munderville and Diane Zimmermann appeal from a final judgment of the United States District Court for the Southern District of New York (Seibel, J.), following a jury verdict in favor of defendants-appellees Highland Falls-Fort Montgomery Central School District, Phillip Arbolino, and Keith Abbey. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Appellants argue that appellees exercised their peremptory challenges with discriminatory intent to exclude three women as potential jurors, and the district court clearly erred in denying two sex-based Batson challenges.[***] In the context of a party's exercise of peremptory challenges, "[w]e do not overturn a trial court's finding on the issue of discriminatory intent unless it is clearly erroneous." United States v. Lee, 549 F.3d 84, 94 (2d Cir. 2008). Having reviewed appellants' contentions on appeal, we affirm.

---

[***] In Batson v. Kentucky, 476 U.S. 79, 89 (1986), the Supreme Court held that "the Equal Protection Clause forbids the prosecutor to challenge potential jurors solely on account of their race or on the assumption that black jurors as a group will be unable impartially to consider the State's case against a black defendant." The Supreme Court has extended this principle to sex. See J.E.B. v. Alabama ex rel. T.B., 511 U.S. 127, 129 (1994) ("We hold that gender, like race, is an unconstitutional proxy for juror competence and impartiality.").

2

Contrary to appellants' arguments, the district court properly conducted the "three-part burden-shifting framework that trial courts are to employ when ascertaining whether a particular peremptory strike of a jury panelist is based on an impermissible discriminatory motive in violation of the Equal Protection Clause of the Fourteenth Amendment." Messiah v. Duncan, 435 F.3d 186, 194 (2d Cir. 2006). The lengthy colloquy on this issue nowhere suggests that the district court precluded appellants from arguing pretext. Moreover, the district court explicitly considered whether potential jurors 2 and 11 were struck because of their sex, but rejected appellants' two corresponding Batson challenges, thereby "demonstrat[ing] with sufficient clarity that [it] deem[ed appellants] to have failed to carry [their] burden to show that [appellees'] proffered [sex]-neutral explanation is pretextual." Id. at 198.

Appellants further argue that the district court's factual findings are clearly erroneous. Appellees proffered the jurors' status as teachers (or their close connections to teachers) as the sex-neutral reason motivating appellees' use of peremptory challenges. Appellees did not strike potential jurors 6 (a male retired teacher) and 14 (a male current teacher). Appellees distinguished potential juror 6 from the struck potential jurors based on his retirement; and appellants failed to argue that this distinction revealed pretext. Appellees did not distinguish potential juror 14; but the record reflects that both sides reasonably expected him to be supernumerary, given their expectation that there would be a jury of eight. The moving party carries "the burden of proving that a strike was exercised on an impermissible discriminatory ground." Id. at 195. We find no clear error in the district court's finding that appellants failed to carry their burden.

Finding no merit in appellants' remaining arguments, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3